UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARSHA T. ROUSSELL                                    CIVIL ACTION

VERSUS                                                NO. 20-2857

HUNTINGTON INGALLS, INC., *et al.*                    SECTION M (2)


**ORDER & REASONS**

Before the Court is the motion of plaintiff Marsha T. Roussell to remand.[1]  Defendants

Huntington Ingalls Incorporated and Lamorak Insurance Company ("the Avondale Interests")[2] and

Hopeman Brothers, Inc. ("Hopeman")[3] oppose the motion.  Roussell replies in further support of

her motion.[4]  And Hopeman files a surreply in further opposition.[5]  Having considered the parties'

memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the

motion to remand.

I.      **BACKGROUND**

This is a personal injury case arising from alleged exposure to asbestos.  On November 21,

2019, Roussell was diagnosed with malignant mesothelioma.[6]   Roussell alleges that her

mesothelioma was caused by secondhand exposure to asbestos from her father, Asward P. Theriot,

who worked at Avondale Shipyard in 1957 and 1958.[7]  On May 26, 2020, she filed suit in state

---

[1] R. Doc. 15. The motion to remand is the first time the plaintiff has been called "Martha T. Roussell."  Since all of plaintiff's prior filings refer to her as "Marsha," the Court will continue to use this name absent corrective action on plaintiff's part.
[2] R. Doc. 30.
[3] R. Doc. 34.
[4] R. Doc. 40.
[5] R. Doc. 49.
[6] R. Doc. 1-2 at 2.
[7] *Id.*

court against the Avondale Interests among other defendants.[8]  Asward Theriot's job application showed that his brother (Roussell's uncle), Tracy Theriot, was already working for Avondale.[9] Employment records produced by Avondale revealed that Tracy Theriot worked at Avondale from September 20, 1943, through March 19, 1945, and, again, from October 21, 1955, through November 3, 1960, at which time he transferred to Hopeman.[10]

On September 30, 2020, Roussell amended her state-court petition for damages to expand her claim to include asbestos exposure from her uncle and to add his employer, Hopeman, as a defendant.[11]  Hopeman was a subcontractor for Avondale that "sold and installed asbestos-containing wallboard in vessels under construction and repair at Avondale."[12]  Roussell alleges that Hopeman "was negligent in conducting its operations, cutting and sawing asbestos wall board and generating large amounts of dust, without regard for workers and without warning those workers of the hazards of asbestos, including Tracy Theriot, plaintiff's uncle."[13]  She alleges further that "[d]uring the years [Tracy Theriot] was employed by Avondale and Hopeman, he incurred daily substantial exposure to asbestos in the normal and routine course of his employment while working around vessels undergoing construction, maintenance, and repair at the shipyard."[14]

On October 19, 2020, the Avondale Interests removed this case to federal court on the basis of federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1) raising a *Boyle* government contractor immunity defense and a *Yearsley* derivative sovereign immunity defense.[15]  The Avondale

---

[8] *Id.* at 1.

[9] R. Doc. 15-2 at 3.

[10] R. Docs. 15-1 at 5; 15-5 at 2.

[11] R. Doc. 1-3 at 3-5.  Roussell also added Liberty Mutual Insurance Company as the insurer of the now-defunct manufacturer of the asbestos-containing wallboard installed by Hopeman.  *Id.* at 3-4.

[12] *Id.* at 3.

[13] *Id.*

[14] *Id.* at 4.

[15] R. Doc. 1 at 1, 4, 8.  Removals under § 1442(a)(1) are subject to the time limits set forth in 28 U.S.C. § 1446(b).  *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018).  Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief

Interests assert that based on when Tracy Theriot is alleged to have worked at Hopeman he must have worked on federal ships – that is, vessels built pursuant to Avondale's contracts with the U.S. Maritime Administration ("MARAD").[16]  On December 9, 2020, after Roussell filed this motion to remand and the Avondale Interests their opposition, Hopeman filed an opposition alleging its own basis for federal jurisdiction.[17]

## II.    PENDING MOTION

Roussell argues that the Avondale Interests cannot raise a colorable federal defense because they cannot identify a single federal vessel Tracy Theriot worked on as either an Avondale or Hopeman employee.[18]  She alleges that she still does not know the vessels or shipyards her uncle worked on.[19]  She argues that without this key information it is impossible for the Avondale Interests to raise a plausible federal defense.[20]  The Avondale Interests respond that factual disputes should be dealt with on the merits of the defense, not as challenges to the existence of federal jurisdiction.[21]  Relying on the Fifth Circuit's opinion in *Latiolais*, they argue that they have presented sufficient evidence to support a colorable *Boyle* defense.[22]  In particular, they explain

---

upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "The information supporting removal in a copy of an amended pleading, motion, order or other paper … must be unequivocally clear and certain to start the time limit running." *Morgan*, 879 F.3d at 608-09 (alteration, internal quotation marks, and citation omitted). In this case, the Avondale Interests removed within 30 days of Roussell's amended complaint, an "amended pleading" under § 1446(b)(3).

[16] R. Doc. 1 at 3-4.

[17] R. Doc. 34. The Fifth Circuit has held "that where a party removes a case to federal court pursuant to § 1442, a later-served defendant preserves its right to a federal forum under § 1442 by asserting the grounds for same in its answer filed after removal." *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014). Nevertheless, because the Court holds that the Avondale Interests have properly and timely alleged federal subject-matter jurisdiction, the Court does not reach the merits of whether Hopeman has its own independent basis for federal-officer removal.

[18] R. Doc. 15-1 at 8-10.

[19] *Id.* at 6.

[20] *Id.* at 8-10.

[21] R. Doc. 30 at 9-11, 18-19.

[22] *Id.* at 11-16.

that the only vessels Hopeman worked on at Avondale during Tracy Theriot's employment were

federal vessels, the *Del Rio*, *Del Sol*, and *Del Oro*.[23]

## III.    LAW & ANALYSIS

Section 1442(a)(1) makes removable a civil action commenced in a state court against

"[t]he United States or any agency thereof or any officer (or any person acting under that officer)

of the United States or of any agency thereof, in an official or individual capacity, for or relating

to any act under color of such office."  28 U.S.C. § 1442(a)(1).  The statute allows federal officers

to remove to federal court cases "that ordinary federal question removal would not reach."

*Latiolais v. Huntington Ingalls, Inc*., 951 F.3d 286, 290 (5th Cir. 2020).  "In particular, section

1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded

complaint, so long as the officer asserts a federal defense in the response."  *Id*.

 "[T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable

federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to

a federal officer's directions, and (4) the charged conduct is connected or associated with an act

pursuant to a federal officer's directions."  *Id.* at 296.  Courts are to give a broad interpretation to

§ 1442(a).  *Id.* at 290-91.  Thus, the question whether to remand cases removed under the statute

is weighed "without a thumb on the remand side of the scale."  *Morgan*, 879 F.3d at 607 (quoting

*Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016)).

After a 2011 amendment, "section 1442(a)(1) makes removable to federal court 'a civil

action … that is against or directed to … any person acting under a federal officer … *for or relating*

*to* any act under color of such office.'"  *Latiolais*, 951 F.3d at 292 (quoting 28 U.S.C. § 1442(a)(1))

(emphasis added; alterations omitted).  In *Latiolais* the Fifth Circuit recognized that the statute

---

[23] *Id.* at 3-4.

4

"plainly expresses that a civil action *relating to* an act under color of federal office may be removed (if the other statutory requirements are met)." *Id.* (emphasis in original). And the Supreme Court has recognized that "the ordinary meaning of the words 'relating to' is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Id.* (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)) (brackets omitted).

> To be colorable, the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed. Instead, an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous. Certainly, if a defense is plausible, it is colorable.

*Id.* at 296-97 (internal quotation marks and citations omitted).

In this case, the Avondale Interests raise the government contractor immunity defense under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).[24] Under *Boyle*, the government contractor immunity defense applies "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. The Avondale Interests relied on the same defense in *Latiolais* to successfully sustain their federal-officer removal. 951 F.3d at 297.

Applying these principles, the court in *Latiolais* found that Avondale raised a colorable *Boyle* defense where it provided an "affidavit and deposition testimony alleging that the Navy required installation of asbestos on [one of its vessels], as well as another affidavit alleging that

---

[24] R. Doc. 1 at 8. The Avondale Interests also raise the derivative sovereign immunity defense under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940). R. Doc. 1 at 8. Because one federal defense is sufficient under § 1442(a)(1), it is unnecessary to analyze the Avondale Interests' *Yearsley* defense for purposes of federal-officer removal.

the Navy generally required Avondale to install asbestos and to comply with certain related safety practices." *Id.*  Further, the court viewed Avondale's evidence as supporting "that the federal government knew more than Avondale knew about asbestos-related hazards and related safety measures," and "[f]rom such evidence, it is colorable that Avondale did not omit warning the government about any dangers about which the government did not know." *Id.* at 298.  The Fifth Circuit concluded that this evidence demonstrated that "Avondale's assertion of a federal defense is not wholly insubstantial and frivolous." *Id.*

Roussell's uncle, Tracy Theriot, was employed with Hopeman after November 3, 1960.[25] Roussell alleges that during his employment with Hopeman "he incurred daily substantial exposure to asbestos in the normal and routine course of his employment while working around vessels undergoing construction, maintenance, and repair at the shipyard."[26]  The Avondale Interests provide evidence that Hopeman worked on only three ships, the *Del Rio*, *Del Sol*, and *Del Oro*, at the Avondale shipyard during the earliest days of Tracy Theriot's employment with Hopeman.[27]  They also provide evidence that each of these vessels was constructed in compliance with MARAD design C3-S-43a under a contract with the federal government.[28]  While *Latiolais* involved a Navy vessel, its rationale applies with equal force to MARAD vessels where, as here, evidence has been submitted indicating that work on the MARAD vessels, including Hopeman's subcontract, proceeded under the direction of and pursuant to government-approved specifications requiring the use of asbestos, and the government knew about the risk of its use.[29]  *See, e.g.*, *Becnel v. Lamorak Ins. Co.*, 2020 WL 5587666, at *5 (E.D. La. Sept. 18, 2020) (holding that *Boyle* defense

---

[25] R. Doc. 15-5 at 2.
[26] R. Doc. 1-3 at 4.
[27] R. Docs. 1-5; 30-2 at 6; 30-15; 30-16; 30-17; 30-18; *see also* R. Docs. 34-3; 34-4.
[28] R. Doc. 30-2 at 6; *see also* R. Doc. 34-6.
[29] R. Docs. 30 at 6-8, 12-16; 30-2 at 6-12, 14-16; 30-3; 30-4; 30-14 at 20-21; *see also* R. Docs. 34-6; 34-9.

was colorable as to plaintiff's work on a MARAD vessel).  As a result, the Avondale Interests "plausibly" show that federal vessels were under construction at the shipyard when Tracy Theriot worked there.[30]  *Latiolais*, 951 F.3d at 297.  This evidence, combined with Roussell's allegations, adequately shows that Tracy Theriot was at risk for exposure to asbestos through his work on one or more federal vessels and, consequently, presents a colorable *Boyle* defense and a proper basis for federal jurisdiction.

In her reply, Roussell attempts to assail this logic by identifying facts the Avondale Interests have not shown, but her effort falls short.  Thus, while the duration of Tracy Theriot's employment may not be known at this time, Roussell does not dispute that her uncle did transfer to Hopeman on November 3, 1960, and worked there for some time.[31]  Again, the allegation is that Tracy Theriot "incurred daily substantial exposure to asbestos in the normal and routine course of his employment while working around vessels undergoing construction, maintenance, and repair at the shipyard."[32]  The Avondale Interests have shown that the only vessels Hopeman worked on during the period immediately after November 3, 1960, were MARAD vessels.  Therefore, her uncle's exposure to asbestos at Avondale when working for Hopeman plausibly occurred on or near MARAD vessels.

Nothing in Bertrand Hopeman's deposition testimony contradicts this conclusion.  His testimony, at the earliest, only relates to his work at Hopeman from 1964 on – after the time period in question.[33]  Despite this, Roussell argues that Bertrand Hopeman's testimony shows that Hopeman might have been retrofitting other, presumably nonfederal, vessels during this time.[34]

_____

[30] R. Docs. 1 at 3-4; 15-6.
[31] This is evident from Roussell's submission of invoices from the 1976-1977 timeframe, R. Doc. 37-4, which would only be relevant if Theriot was still employed by Hopeman then.
[32] R. Doc. 1-3 at 4.
[33] R. Doc. 37-3 at 3.
[34] R. Doc. 37-2 at 2.

The testimony of Charles N. Johnson, Jr., however, corroborates a hull list that covered "every contract that Hopeman would have performed at Avondale" from 1960 to 1976.[35]  This list confirms that at the beginning of Tracy Theriot's employment with Hopeman, only three vessels were in play, the *Del Rio*, *Del Sol*, and *Del Oro.* Roussell has not produced any evidence that Hopeman's work at Avondale was confined to nonfederal vessels during the relevant exposure period.  The invoices for repair work by Hopeman in 1976 and 1977 do not reveal anything about the work Hopeman was doing circa 1960.[36]  Even if Roussell's uncle was doing repair work in 1976 on nonfederal vessels, that does not change the fact that he was allegedly exposed to asbestos years earlier as a result of his work for Hopeman on MARAD vessels.  Therefore, the case was properly removed to this Court.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiff Marsha T. Roussell to remand (R. Doc. 15) is DENIED.


New Orleans, Louisiana, this 17th day of December, 2020.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[35] R. Docs. 34-3 at 2-4; 34-4.
[36] R. Doc. 37-4.