UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARSHA T. ROUSSELL                               CIVIL ACTION

VERSUS                                           NO. 20-2857

HUNTINGTON INGALLS, INC., *et al.*               SECTION M (2)

## ORDER & REASONS

Before the Court is a motion by plaintiff Marsha T. Roussell to dismiss the federal contractor defense raised by defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) ("Avondale") and to remand this matter to state court.[1] Avondale opposes the motion.[2] Roussell replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion to dismiss and to remand.

I.  **BACKGROUND**

This is a personal injury case arising from alleged exposure to asbestos. On November 21, 2019, Roussell was diagnosed with malignant mesothelioma.[4] Roussell alleges that her mesothelioma was caused by secondhand exposure to asbestos from her father, Asward P. Theriot, who worked at Avondale Shipyard in 1957 and 1958.[5] On May 26, 2020, she filed suit in state court against Avondale and other defendants.[6] Asward Theriot's job application showed that his

---

[1] R. Doc. 80.
[2] R. Doc. 98.
[3] R. Doc. 102.
[4] R. Doc. 1-2 at 2.
[5] *Id.*
[6] *Id.* at 1.

brother (Roussell's uncle), Tracy Theriot, was already working for Avondale.[7] Employment records produced by Avondale revealed that Tracy Theriot worked at Avondale from September 20, 1943, through March 19, 1945, and, again, from October 21, 1955, through November 3, 1960, at which time he transferred to Hopeman.[8]

On September 30, 2020, Roussell amended her state-court petition for damages to expand her claim to include asbestos exposure from her uncle and to add his employer, Hopeman, as a defendant.[9] Hopeman was a subcontractor for Avondale that "sold and installed asbestos-containing wallboard in vessels under construction and repair at Avondale."[10] Roussell alleges that Hopeman "was negligent in conducting its operations, cutting and sawing asbestos wall board and generating large amounts of dust, without regard for workers and without warning those workers of the hazards of asbestos, including Tracy Theriot, plaintiff's uncle."[11] She alleges further that "[d]uring the years [Tracy Theriot] was employed by Avondale and Hopeman, he incurred daily substantial exposure to asbestos in the normal and routine course of his employment while working around vessels undergoing construction, maintenance, and repair at the shipyard."[12]

On October 19, 2020, Avondale removed this case to federal court on the basis of federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1) raising a *Boyle* government contractor immunity defense and a *Yearsley* derivative sovereign immunity defense.[13] Avondale asserted that based on when Tracy Theriot is alleged to have worked at Hopeman he must have worked on federal ships

---

[7] R. Doc. 15-2 at 3.
[8] R. Docs. 15-1 at 5; 15-5 at 2.
[9] R. Doc. 1-3 at 3-5. Roussell also added Liberty Mutual Insurance Company as the insurer of the now-defunct manufacturer of the asbestos-containing wallboard installed by Hopeman. *Id.* at 3-4.
[10] *Id.* at 3.
[11] *Id.*
[12] *Id.* at 4.
[13] R. Doc. 1 at 1, 4, 8.

– that is, vessels built pursuant to Avondale's contracts with the U.S. Maritime Administration ("MARAD").[14]

Roussell moved to remand the case arguing that Avondale could not raise a colorable federal defense because it could not identify a single federal vessel Tracy Theriot worked on as either an Avondale or Hopeman employee.[15] Avondale opposed the motion arguing that it presented sufficient evidence to support a colorable *Boyle* defense under the Fifth Circuit's opinion in *Latiolais*.[16] In particular, Avondale explained that the only vessels Hopeman worked on at Avondale during Tracy Theriot's employment were federal vessels, the *Del Rio*, *Del Sol*, and *Del Oro*.[17] This Court agreed with Avondale and denied Rousell's first motion to remand, holding that Avondale raised a colorable federal contractor defense due to the evidence it presented regarding Hopeman's work on federal vessels at Avondale Shipyard during Tracy Theriot's employment.[18]

On November 22, 2021, Roussell and Hopeman filed a joint motion to dismiss all of Roussell's claims against Hopeman.[19] The Court granted the motion.[20] Thereafter, Roussell filed the instant motion to dismiss Avondale's federal contractor defense and to remand for lack of subject-matter jurisdiction.[21]

## II. PENDING MOTION

Roussell argues that, because Avondale's federal contractor defense was predicated on Tracy Theriot's work for Hopeman at Avondale Shipyard and since Hopeman has been dismissed as a party, Avondale no longer has a colorable federal contractor defense.[22] Roussell observes that

---

[14] *Id.* at 3-4.
[15] R. Doc. 15-1 at 8-10.
[16] R. Doc. 30 at 11-16.
[17] *Id.* at 3-4.
[18] R. Doc. 50 at 7-9.
[19] R. Doc. 76.
[20] R. Doc. 77.
[21] R. Doc. 80.
[22] R. Doc. 80-1 at 5-9.

3

Avondale did not assert a federal contractor defense related to the time Tracy Theriot worked directly for Avondale and there is no evidence that he worked aboard a federal vessel at Avondale when he was employed by Hopeman.[23] Accordingly, argues Roussell, this Court must dismiss Avondale's federal contractor defense, which would eliminate the basis for subject-matter jurisdiction and require the remand of the pendant state claims.[24]

In opposition, Avondale argues that the dismissal of Hopeman as a defendant does not automatically trigger dismissal of its federal contractor defense nor does it require remand.[25] First, Avondale argues that federal jurisdiction is assessed at the time of removal, this Court previously determined that Avondale had a colorable federal contractor defense at the time of removal, and jurisdiction is not lost even if the defense later fails.[26] Avondale also argues that its federal contractor defense is still colorable even after Hopeman's dismissal because Roussell alleges that her uncle worked at Avondale Shipyard where, according to Avondale, he must have been exposed to asbestos that was being used for the construction of federal vessels.[27]

**III.    LAW & ANALYSIS**

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). "In particular, section

---

[23] *Id.* at 5, 8.
[24] *Id.* at 9.
[25] R. Doc. 98.
[26] *Id.* at 1-3.
[27] *Id.* at 4-5.

1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Id*.

"[T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Id.* at 296. Courts are to give a broad interpretation to § 1442(a). *Id.* at 290-91. Thus, the question whether to remand cases removed under the statute is weighed "without a thumb on the remand side of the scale." *Morgan*, 879 F.3d at 607 (quoting *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016)).

After a 2011 amendment, "section 1442(a)(1) makes removable to federal court 'a civil action … that is against or directed to … any person acting under a federal officer … *for or relating to* any act under color of such office.'" *Latiolais*, 951 F.3d at 292 (quoting 28 U.S.C. § 1442(a)(1)) (emphasis added; alterations omitted). In *Latiolais* the Fifth Circuit recognized that the statute "plainly expresses that a civil action *relating to* an act under color of federal office may be removed (if the other statutory requirements are met)." *Id.* (emphasis in original). And the Supreme Court has recognized that "the ordinary meaning of the words 'relating to' is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Id.* (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)) (brackets omitted).

> To be colorable, the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed. Instead, an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous. Certainly, if a defense is plausible, it is colorable.

*Id.* at 296-97 (internal quotation marks and citations omitted).

Here, Avondale removed this matter under § 1442(a), and in ruling upon Roussell's first motion to remand, this Court held that Avondale asserted a colorable federal contractor defense.[28] The Fifth Circuit has held that, because a plaintiff's "claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands *at the time the petition for removal is filed*," a district court does not lose jurisdiction if the plaintiff "cease[s] to assert a claim that was subject to the federal contractor defense" nor "if the facts later indicate the federal [contractor] defense fails." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 862-83 (5th Cir. 2021) (emphasis in original; quotations, footnotes, and alteration omitted); *see also IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982) ("elimination of the federal officer from a removed case does not oust the district court of jurisdiction (except where there was no personal jurisdiction over the officer)"). Thus, pretermitting whether Avondale asserted a colorable federal contractor defense with respect to Tracy Theriot's direct employment with Avondale,[29] this Court did not lose subject-matter jurisdiction when Roussell dismissed her claims against Hopeman. *See Williams*, 990 F.3d at 862 (holding that "district court did not lose jurisdiction once [p]laintiffs ceased to assert a claim that was subject to the federal contractor defense"). Moreover, even if Avondale no longer has a federal contractor defense (which the Court cannot determine on the record before it), this Court has discretion to continue to exercise supplemental jurisdiction over the remaining state-law claims. *Id.* at 863; *IMFC Pro. Servs.*, 676 F.2d at 160. Considering the amount of time this case has been pending in this Court (since October 2020), the amount of discovery and motion practice that has occurred, and the impending

---

[28] R. Doc. 50.
[29] In opposing Roussell's first motion to remand, Avondale submitted evidence that federal vessels requiring and utilizing asbestos-containing thermal insulation and fire-resistant materials were under construction in its shipyard when Tracy Theriot was employed by Avondale. R. Doc. 30-2 at 6. This evidence may be sufficient for Avondale to assert a federal contractor defense with respect to Tracy Theriot's direct employment at Avondale, but the Court need not and does not resolve this question for purposes of this motion.

trial date (March 28, 2022), the continued exercise of jurisdiction is warranted to serve judicial economy and provide a fair and timely administration of justice to the litigants. *See Myers v. Moore Eng'g, Inc.*, 42 F.3d 452, 454 (8th Cir. 1994) (dismissal of only federal party did not require remand when discovery was complete and the case ready for trial).

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Roussell's motion to dismiss Avondale's federal contractor defense and to remand the action to state court (R. Doc. 80) is DENIED.

New Orleans, Louisiana, this 12th day of January, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE