UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARSHA T. ROUSSELL                    CIVIL ACTION

VERSUS                                NO. 20-2857

HUNTINGTON INGALLS, INC., *et al.*    SECTION M (2)

## ORDER & REASONS

Before the Court are a motions for summary judgment filed by defendants General Electric Company ("GE") and Foster Wheeler, LLC ("Foster").[1] The motions were set for submission on February 24, 2022.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which deadline in this instance was February 16, 2022. Plaintiff Marsha T. Roussell, who is represented by counsel, did not file an opposition to either motion. Accordingly, because the motions are unopposed and appear to have merit,[3]

---

[1] R. Docs. 108; 110.
[2] R. Docs. 108-3; 110-3.
[3] This is a personal injury case arising from alleged exposure to asbestos. On November 21, 2019, Roussell was diagnosed with malignant mesothelioma. R. Doc. 1-1 at 2. Roussell alleges that her mesothelioma was caused by secondhand exposure to asbestos from her father and uncle who both worked at Avondale Shipyard at various times. R. Docs. 1-1 at 2; 1-3 at 3-5. She alleges that her father and uncle were exposed to GE and Foster products at Avondale Shipyard and brought the fibers home on their clothing, which caused her exposure. R. Docs. 1-1 at 6-7; 1-3 at 2-3. To prevail in an asbestos case under Louisiana law, a plaintiff must prove by a preponderance of the evidence that she was exposed to asbestos from the defendant's product and the exposure was a substantial cause of her injury. *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 2005) (citing *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 2004)). Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma. *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 2009) (observing that the substantial-factor "burden can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials"). "Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury." *Adams*, 923 So. 2d at 122 (citing *Vodanovich*, 869 So.2d at 933). GE and Foster argue that Roussell has no evidence that she was exposed to their asbestos-containing products. R. Docs. 108-1; 110-1. By failing to oppose the motions for summary judgment, Roussell has admitted that she cannot prove her claims against GE and Foster. *See Celotex Corp.*

IT IS ORDERED that GE's and Foster's motions for summary judgment (R. Docs. 108 & 110) are GRANTED, and Roussell's claims against GE and Foster are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 25th day of February, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

*v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").